FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 15, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

OSSIE LEE SLAUGHTER,

                      Plaintiff,

   v.

STEPHEN SINCLAIR, ELDON
VAIL, DAN PACHOLKE and
MARK KUCZA,

                    Defendants.

NO: 2:11-cv-00430-LRS

ORDER DENYING CONSTRUED
MOTION FOR RECONSIDERATION

      BEFORE THE COURT is Plaintiff's letter received on November 26, 2019,

ECF No. 59, which is construed as a Motion for Reconsideration of the Order

Denying Motion to Waive Remaining Balance of Filing Fee Owed. ECF No. 58.

      Motions for reconsideration serve a limited function. "'[T]he major grounds

that justify reconsideration involve an intervening change of controlling law, the

availability of new evidence, or the need to correct a clear error or prevent manifest

injustice.'" *Pyramid Lake Paiute Tribe v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir.

1989). Such motions are not the proper vehicle for offering evidence or theories of

law that were available to the party at the time of the initial ruling. *Fay Corp. v. Bat Holdings I, Inc.,* 651 F.Supp. 307, 309 (W.D. Wash. 1987).

In the instant case, Plaintiff has not alleged that there has been an intervening change of controlling law. Likewise, he has not offered newly discovered evidence that would justify this Court re-examining the issue. Thus, the only remaining question is whether the court should alter its prior ruling in order to "correct a clear error or prevent manifest injustice." *Pyramid Lake*, 882 F.2d at 369 n.5.

Plaintiff clarifies that his prior letter, received on November 20, 2019, ECF No. 57, was not intended as a Motion to Waive Remaining Balance of Filing Fee Owed, ECF No. 59 at 1. Rather, Plaintiff wants this Court to "admit or deny this Court 'ordered me/Mr. O. Slaughter to pay (WDOC) 60% of all his/my incoming monies, including 60% of his Class-3 job pay under WDOC policy - #200.00?"

According to Plaintiff's submissions and the Court's records[1], he has filed three civil actions in the U.S. District Courts for the Eastern and Western Districts of Washington in which he was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(b). The agency having custody of Plaintiff, the Washington State Department of Corrections, is statutorily obliged to forward to the clerk of

---

[1] *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) (appropriate to take judicial notice of materials from another tribunal).

the court monthly payments of 20 percent of the preceding month's income credited to Plaintiff's account under 28 U.S.C. § 1915(b)(2) in *each* of these three cases. *See Bruce v. Samuels,* 136 S.Ct. 627, 631-33 (2016) (finding that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(b), calls for simultaneous, not sequential, recoupment of multiple filing fees incurred by an indigent prisoner). This logically equates to 60% of Plaintiff's income.

Therefore, while no court has specifically ordered Plaintiff to pay the Washington State Department of Corrections 60% of Plaintiff's incoming monies, the collective effect of Plaintiff's choice to pursue three civil actions in the U.S. District Courts is that 60% of his income is subject to being collected and forwarded to the respective clerks of the court. *See Bruce,* 136 S.Ct. at 631-33. Plaintiff makes no assertion that these payments are not being forwarded to the respective clerks of the court. Therefore, **IT IS ORDERED** that Plaintiff's construed Motion for Reconsideration, ECF No. 59, is **DENIED.**

**IT IS SO ORDERED.** The Clerk of Court shall enter this Order and provide a copy to Plaintiff. The file shall remain closed. The Court further finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

**DATED** this  15th  day of January 2020.

*s/Lonny R. Suko*

LONNY R. SUKO
SR. U.S. DISTRICT JUDGE